[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11694
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00021-BAE-GRS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES PRETLOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 18, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Pretlow appeals his 12-month sentence for concealing an escaped

prisoner.  After reviewing the record and the parties' briefs, we affirm.

I

Cecil Nelson, Mr. Pretlow's cousin, escaped from a Swainsboro, Georgia prison while awaiting sentencing following a high-profile conviction for conspiracy to kidnap. According to Mr. Pretlow's account of events, he agreed to assist Mr. Nelson after Mr. Nelson explained that he had been released on bond and sought to leave Georgia for his own safety. En route to Pennsylvania, Mr. Nelson confessed to Mr. Pretlow that he had in fact escaped. Mr. Pretlow persuaded Mr. Nelson to surrender to authorities, and the FBI prearranged for Mr. Nelson to surrender at a designated location. Instead of leaving Mr. Nelson there, however, Mr. Pretlow acceded to Mr. Nelson's instructions and instead dropped him off at his mother's residence, where he later submitted to authorities.

Mr. Pretlow pled guilty to concealing an escaped prisoner in violation of 18 U.S.C. § 1072. Mr. Pretlow's pre-sentence investigation report, as adopted by the district court, listed an advisory guidelines range of four to ten months' imprisonment. Before sentencing, the government moved for a reduction in sentence, citing Mr. Pretlow's cooperation and admission of responsibility. At sentencing, the district court expressed skepticism about Mr. Pretlow's initial ignorance of Mr. Nelson's escape, particularly in light of the extensive media coverage surrounding the event, and sentenced him to twelve months'

2

imprisonment to be followed by twelve months' supervised release, an upward variance of two months from the top end of the advisory guideline range.

On appeal, Mr. Pretlow argues that his sentence is substantively unreasonable because the district court erroneously factored in Mr. Nelson's underlying crime in imposing an upward variance on Mr. Pretlow's sentence.

## II

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). This standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Id.* Even if the district court's sentence is more severe or more lenient than the sentence we would have imposed, we will only reverse if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

## III

Mr. Pretlow contends that the district court abused its discretion when it imposed an upward variance on the basis of Mr. Nelson's underlying crime. Subject to several listed enhancements that do not apply to Mr. Pretlow, § 2X3.1,

3

the advisory guideline applicable to violations of 18 U.S.C. § 1072 provides for a base offense level of "6 levels lower than the offense level for the underlying offense[.]"  U.S.S.G. § 2X3.1 (a)(1).  Mr. Pretlow appears to read § 2X3.1 as setting forth the only bases on which a district court may impose an enhancement to a sentence for a violation of 18 U.S.C. § 1072.  Mr. Pretlow, however, cites no authority in support of this proposition, nor have we located any.

To the extent the district court factored in Mr. Nelson's underlying crime in imposing an upward variance, it did not abuse its discretion in doing so.  Mr. Pretlow's argument does not account for the non-binding nature of the advisory guidelines following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006) ("If *Booker* is to mean anything, it must be that district courts are obligated to impose a reasonable sentence, regardless of the Guidelines range, so long as the Guidelines have been considered.").  The record indicates that the district court considered the advisory guidelines but that other factors dictated an upward variance to reach an appropriate sentence.  In addition to citing the factors identified in 18 U.S.C. § 3553(a), the district court underscored the apprehension that Mr. Nelson's escape—which Mr. Pretlow prolonged—engendered in the community, Mr. Pretlow's decision to assist Mr. Nelson in disregarding his scheduled rendezvous with the FBI, and Mr. Pretlow's extensive criminal history

which, in the district court's view, his pre-sentence investigation report did not adequately reflect.  The district court, in short, considered the advisory guidelines but determined that the unique factual circumstances of the case warranted an upward variance.  Because we find that "the justification for the variance [is] sufficiently compelling to support the degree of the variance," *Irey*, 612 F.3d at 1187 (internal quotation marks omitted), we find that the imposed upward variance was reasonable.

IV

Mr. Pretlow's 12-month sentence is affirmed.

**AFFIRMED**.